**In re Ulric TREMBLAY and Holly Tremblay, Debtors.**

**Bankruptcy No. 82–00281.**

United States Bankruptcy Court, D. Vermont.

Sept. 18, 1984.

John E. Bernasconi, Barre, Vt., for Theodore J. Tardie.

Joseph C. Palmisano, Barre, Vt., for debtors.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

This matter is before the court on the petition of Theodore J. Tardie, mortgagee, for an order restraining the debtor from cutting and removing timber on the mortgaged property and requiring the debtor to pay over to Tardie as mortgagee all money received from the sale of timber cut by the debtor.

## FACTS

Ulric Tremblay and Holly Tremblay, husband and wife, filed a petition for relief under chapter 11 of the Bankruptcy Code on December 20, 1982 and their plan of reorganization was confirmed by an order entered on October 14, 1983. Tardie is a secured creditor by virtue of his holding a first mortgage on some of the property of the debtor and a second mortgage as to other property. He is considered a secured creditor under Class II of the Plan which, as it relates to him, provides as follows:

"The secured claim of Ted Tardie in the amount of $25,000.00 shall be paid in full upon the sale of the Corinth Property."

As of the fall of 1983 and 1984 there was an estimated 250,000 board feet of timber on the land which is subject to the mortgages held by Tardie. Beginning with the middle of January 1984 the debtor, Ulric Tremblay, has conducted logging operations on the property and has removed approximately 15,000 feet of logs valued at $40.00 a thousand for which he has received approximately $6,000.00. There remain an additional 10,000 feet of timber which he expects to cut and sell for about $4,000.00.

The logging operation has caused some damage to the land by way of ruts which can readily be eliminated. The debtor has also cut two cords of firewood since his petition for relief was filed and these have a total value of $140.00.

Recently the debtor had a discussion with mortgagee Tardie during which Tardie stated that he was going to sell the property to some "Mafia" in New York and that the debtor had 30 days to come up with the money to pay off his mortgage. He also discussed with Tardie the value of the property at which time Tardie indicated that he wished to purchase it but suggested that it be appraised. In accordance with this suggestion the debtor had the property appraised by an independent appraiser, LaBrie Inc., and it came up with a valuation of between $60,000.00 and $69,000.00. The debtor has had the property listed for sale with a broker and he continues to follow up as to progress each month.

The property consists of 138 acres, more or less, 1800 feet frontage on the Washington-Corinth Road and its value has not materially changed even with the timber cut and removed.

The debtor listed the value of the property in his schedules at $69,000.00. The Granite Bank holds a first mortgage on the property which was in the sum of $13,000.00 but it has since been reduced to $11,000.00. It appears that there is now due on the Tardie mortgages the principal of $25,000.00 and about $6,000.00 in interest for a total of $31,000.00. Unpaid taxes amount to approximately $1,000.00. The total sum due as to these encumbrances is about $43,000.00. The equity in the Corinth property is at least $17,000.00 even with the timber removed. The debtor fully intends to pay off the Tardie mortgages as

soon as the Corinth property is sold, all in accordance with his confirmed plan.

## DISCUSSION

The petition of Tardie is apparently predicated on the premise that the debtor as mortgagor and, in possession of the mortgaged premises, by cutting timber is committing waste which is impairing the security of Tardie's mortgages. He also contends that the debtor, in his logging operation, is actually selling the property mortgaged and should turn over the proceeds from the sale of the timber to Tardie in reduction of the mortgage indebtedness. The Court does not agree.

The confirmed plan provides for payment to Tardie as mortgagee "upon the sale of the Corinth property." This envisions the sale of the entire property as real estate and not of logs which become personal property when they are severed from the freehold. It follows that Tardie's right to relief must spring from the commission of such waste by the debtor as would impair the mortgagee's security.

■ The law as to the right of a mortgagor in possession to commit acts diminishing the value of the mortgaged property is conflicting. That there are some acts resulting in damage to the mortgaged premises which the mortgagor may, and others which he may not, commit, is clear. In this connection, it is generally conceded that regardless of the view adopted as to title and right of possession, the mortgagor may not damage the property or commit acts of waste impairing the sufficiency of the mortgagee's security, but that the mortgagor has the implied authority by virtue of his actual possession to perform such acts as are justified by good husbandry. According to some cases, this is the limit of his authority so to act as to diminish the value of the property mortgaged, and it is held that a mortgagor in possession may not commit acts which may seriously diminish the value of the mortgaged property and which are not impliedly authorized by his continuance in possession, regardless of his solvency or insolvency.

Other cases, however, support the rule that a mortgagor in possession of the mortgaged premises may at his pleasure deal with the property in a way to lessen the value thereof as long as the security of the mortgagee is not rendered insufficient or of doubtful sufficiency, his rights in this respect also being regarded as unaffected by his insolvency. 35 Am.Jur.2d 379 § 298.

■ In this state a mortgagee is entitled to an injunction, to restrain the mortgagee from the commission of waste, by which the mortgage security is in danger of being reduced in value below the amount of the mortgage debt. And the court, in such case, will not only restrain waste, but will, if the bill be brought for that purpose, proceed and take an account of the waste actually committed, and decree satisfaction to be made therefor to the mortgagee. *Hastings, Adner. v. Perry et al.*, 20 Vt. 272.

The doctrine in the *Hastings* case was approved in *Page v. Hall, Inc.*, 125 Vt. 275 at page 278, 214 A.2d 459 where the Court also said:

> "There is a general duty on both mortgagees and mortgagors in connection with possession of the premises, not to do anything to the property impairing its adequacy as security. 59 C.J.S. Mortgages § 294, p. 368."

■ The test seems to be that there should not be such waste as impairs the adequacy of the security held by the mortgagee. In the instant case the logging operation by the debtor did not materially decrease the value of the mortgaged property and, even with all of the standing timber on the premises cut, there still remains an equity of at least $17,000.00 in the Corinth property over and above all encumbrances against it. In view of this the petitioner is not entitled to an injunction or other relief.

## ORDER

Upon the foregoing, it is ordered that the petition of Theodore J. Tardie filed August 28, 1984 is DISMISSED with prejudice.